IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| **ANDREA DECOUDRES,** an individual, | |
| Plaintiff, | |
| | Civil Action No.: |
| v. | |
| | **JURY TRIAL DEMANDED** |
| **KOHL'S CORPORATION,** a Wisconsin Corporation, | |
| Defendant. | |

# COMPLAINT

Plaintiff, **ANDREA DECOUDRES**, (hereafter referred to as "Plaintiff"), by and through her undersigned counsel, **JOHNSON BECKER, PLLC**, hereby submits the following Complaint and Demand for Jury Trial against Defendant, **KOHL'S CORPORATION** (hereafter referred to as "Kohl's" and/or "Defendant"), alleges the following upon personal knowledge and belief, and investigation of counsel:

## NATURE OF THE CASE

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff, after Plaintiff was seriously injured by an "Instant Pot Viva Pressure Cooker" (hereafter generally referred to as "pressure cooker(s) or "subject pressure cooker") marketed, imported, distributed, and sold by Defendant Kohl's Corporation and designed, manufactured, marketed, imported, distributed and/or sold by Instant Brands, Inc. ("Instant Brands"). Instant Brands is currently engaged in active bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay has been imposed. See *In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1].

1

2. Defendant Kohl's markets, imports, distributes, and sells a wide-range of consumer products, including the subject "Instant Pot Viva Pressure Cooker," which specifically includes the Viva 60 model that is at issue in this case.

3. Said pressure cookers are advertised as convenient and safe, and are touted for their supposed "safety" features, which claim to prevent the units from being opened while in use. Despite these claims of "safety," Defendant marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects. Said defects cause significant risk of bodily harm and injury to its consumers.

4. Specifically, said defects manifest themselves when, despite claims to the contrary, the lid of the pressure cooker is removable with built-up pressure, heat, and steam still inside the unit. When the lid is removed under such circumstances, the pressure trapped within the unit causes the scalding hot contents to be projected from the unit and into the surrounding area, including onto the unsuspecting consumers, their families, and other bystanders. In this case, the lid was able to be rotated, opened, and removed while the pressure cooker retained pressure, causing Plaintiff serious and substantial bodily injuries and damages.

5. Defendant knew or should have known of these defects but has nevertheless put profit ahead of safety by continuing to sell its pressure cookers to consumers, failing to warn said consumers of the serious risks posed by the defects, and failing to recall the dangerously defective pressure cookers regardless of the risk of significant injuries to Plaintiff and consumers like her.

6. As a direct and proximate result of Defendant's conduct, Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINTIFF GRACE ELIZABETH PENNINGTON

7. Plaintiff, Andrea DeCoudres, is an adult resident and citizen of the City of Duarte, County of Los Angeles, State of California. Plaintiff therefore is a resident and citizen of the State of California for purposes of diversity pursuant to 28 U.S.C. § 1332.

8. Plaintiff purchased the subject pressure cooker online from Kohls.com.

9. On or about February 24, 2024, Plaintiff suffered serious and substantial burn injuries as the direct and proximate result of the pressure cooker's lid being able to be rotated and opened while the pressure cooker retained pressure, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff. The incident occurred as a result of the failure of the pressure cookers supposed "safety features" which purport to keep the consumer safe while using the pressure cooker.

## DEFENDANT KOHL'S CORPORATION

10. Defendant markets, imports, distributes and sells a variety of consumer products including the pressure cookers at issue in this case.

11. Defendant Kohl's is a Wisconsin corporation with its principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin, 53051, and as such is deemed a citizen of the State of Wisconsin for purposes of diversity pursuant to 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that Defendant maintains a principal place of business in this district and is deemed a citizen of this district for purposes of diversity pursuant to 28 U.S.C. § 1332.

14. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant has sufficient minimum contacts with the State of Wisconsin and intentionally availed itself of the markets within the State of Wisconsin through the promotion, sale, marketing, and distribution of its products.

**FACTUAL ALLEGATIONS**

15. Defendant Wisconsin is engaged in the business of marketing, importing, distributing, and selling a wide-range of consumer products, including the subject "Instant Pot Viva Pressure Cooker," which specifically includes the Viva 60 model that is at issue in this case.

16. The subject pressure cooker was designed, manufactured, marketed, imported, distributed, and/or sold by Instant Brands, Inc.

17. On or about June 12, 2023, Instant Brands filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court for the Southern District of Texas, and an automatic stay was imposed. See *In re: Instant Brands Acquisition Holdings, Inc., et. al.*, 4:2023-bk-90716 [Dkt. 1]. Said bankruptcy proceedings are still pending.

18. The pressure cookers marketed, imported, distributed, and sold by Defendant purport to be designed with certain "Safety Mechanisms," misleading the consumer into believing that the pressure cookers are reasonably safe for their normal, intended use.

19. Specifically, according to the User Manual accompanying each individual unit sold, each unit comes equipped with a "float valve" which rises as the cooker heats up and builds pressure, locking the lid in place.[1] The User Manual assures consumers that "[a]s a safety feature, until the float valve drops down the lid is locked and cannot be opened."[2]

---

[1] See, Exhibit A, Instant Pot Viva User's Manual, pgs. 12, 20.
[2] *Id*. at pg. 20.

4

20. By reason of the forgoing acts or omissions, the above-named Plaintiff and/or her family purchased and used the pressure cooker with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

21. Plaintiff used the pressure cooker for its intended purpose of preparing meals for herself and/or her family and did so in a manner that was reasonable and foreseeable by the Defendant.

22. However, the aforementioned pressure cooker was defectively and negligently designed and manufactured in that it failed to properly function as to prevent the lid from being rotated, opened, and removed with normal force while the unit remained pressurized, despite the appearance that all the pressure had been released, during the ordinary, foreseeable and proper use of cooking food with the product; placing the Plaintiff, her family, and similar consumers in danger while using the pressure cookers.

23. The subject pressure cookers possess defects that make them unreasonably dangerous for their intended use by consumers because the lid can be rotated and opened while the unit remains pressurized.

24. Economic, safer alternative designs were available that could have prevented the pressure cooker's lid from being rotated and opened while pressurized.

25. Defendant knew or should have known that its pressure cookers possessed defects that pose a serious safety risk to Plaintiff and the public. Nevertheless, Defendant continues to ignore and/or conceal its knowledge of the pressure cookers' defects from the general public and continues to generate a substantial profit from the sale of the pressure cookers.

26. As a direct and proximate result of Defendant's concealment of such defects, its failure to warn consumers of such defects, its negligent misrepresentations, and its failure to remove a

product with such defects from the stream of commerce, Plaintiff used an unreasonably dangerous pressure cooker, which resulted in significant and painful bodily injuries to Plaintiff.

27. Consequently, the Plaintiff in this case seeks compensatory damages resulting from the use of the subject pressure cooker as described above, which has caused the Plaintiff to suffer from serious bodily injuries, medical expenses, lost wages, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### STRICT LIABILITY – DESIGN DEFECT

28. Plaintiff incorporates by reference each preceding paragraph of this Complaint as though set forth fully at length herein.

29. At the time of Plaintiff's injuries, the pressure cookers imported, distributed, marketed, supplied and/or sold by Defendant were defective and unreasonably dangerous for use by foreseeable consumers, including Plaintiff.

30. The subject pressure cooker was unreasonably dangerous due to the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto Plaintiff.

31. The pressure cookers were in the same or substantially similar condition as when they left the possession of the Defendant.

32. Plaintiff did not misuse or materially alter the subject pressure cooker.

33. The pressure cookers did not perform as safely as an ordinary consumer would have expected them to perform when used in a reasonably foreseeable way.

34. Further, a reasonable person would conclude that the possibility and risk of serious harm outweigh the burden or cost of making the pressure cookers safe. Specifically:

   a. The pressure cookers imported, distributed, marketed, supplied and/or sold by Defendant were defectively designed and placed into the stream of commerce in a defective and unreasonably dangerous condition for consumers;

   b. The seriousness of the potential injuries resulting from the product drastically outweigh any benefit that could be derived from its normal, intended use;

   c. Defendant failed to properly import, distribute, market, supply, and sell the pressure cookers, despite having extensive knowledge that the aforementioned injuries could and did occur;

   d. Defendant failed to warn and place adequate warnings and instructions on the pressure cookers;

   e. Defendant failed to adequately test the pressure cookers; and

   f. Defendants failed to market an economically feasible alternative design, despite the existence of economical, safer alternatives, that could have prevented the Plaintiff's injuries and damages.

35. Defendant's actions and omissions were the direct and proximate cause of Plaintiff's injuries and damages as described herein.

   **WHEREFORE**, Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## COUNT II
## NEGLIGENCE

36. Plaintiff incorporates by reference each preceding paragraph of this Complaint as though set forth fully at length herein.

37. Defendant had a duty of reasonable care to market, distribute, import, and sell non-defective pressure cookers that are reasonably safe for their intended uses by consumers, such as Plaintiff and her family.

38. Defendant failed to exercise ordinary care in the sale, warnings, quality assurance, quality control, distribution, advertising, promotion, importation, sale and marketing of its pressure cookers in that Defendant knew or should have known that said pressure cookers created a high risk of unreasonable harm to the Plaintiff and consumers alike.

39. Defendant was negligent in the advertising, warning, marketing, importation, distribution, and sale of its pressure cookers in that, among other things, it:

   a. Failed to use due care in selecting, importing, marketing, advertising, distributing, and selling the pressure cookers to avoid the aforementioned risks to individuals;

   b. Placed an unsafe product into the stream of commerce; and

   c. Was otherwise careless or negligent.

40. As a direct and proximate result of the Defendant's negligence, Plaintiff suffered and continues to suffer injuries and damages, for which the Defendant in this case is liable.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## COUNT III
## BREACH OF IMPLIED WARRANTIES

41. Plaintiff incorporates by reference each preceding paragraph of this Complaint as though set forth fully at length herein.

42. Defendant marketed, distributed, imported, sold, and/or placed into the stream of commerce the subject pressure cooker, which was purchased by Plaintiff's mother-in-law and used by Plaintiff and/or her family.

43. Defendant expressly and impliedly represented that its pressure cookers, including the subject pressure cookers, were safe and free of unreasonably dangerous defects.

44. The pressure cookers, including the subject pressure cooker, were defective and unreasonably dangerous at the time they left the possession and control of Defendant.

45. The pressure cookers, including the subject pressure cooker, were expected to reach, and did reach, Plaintiff in substantially the same condition as they were in at the time they were marketed, distributed, imported, sold, and/or otherwise placed into the stream of commerce by Defendant.

46. Defendant did not disclose that the pressure cookers, including the subject pressure cooker, were unsafe due to the pressure cooker's lid being able to be rotated and opened while the pressure cooker was still under pressure, during the normal, directed use of the pressure cooker, allowing its scalding hot contents to be forcefully ejected from the pressure cooker and onto consumers.

47. Plaintiff and her Plaintiff's mother-in-law relied on Defendant's reputation in selecting and purchasing the subject pressure cooker.

48. Plaintiff's injuries were a direct and proximate result of the breach of express and implied warranties by Defendant in that the pressure cookers, including the subject pressure cookers, marketed, distributed, imported, sold, and/or otherwise placed into the stream of commerce by Defendant failed to properly function as a quick, efficient, and safe means of cooking.

49. The failure of the subject pressure cooker to be fit for the ordinary purpose of functioning properly as a quick, efficient, and safe means of cooking is a breach of the warranty of merchantability, which was the direct and proximate cause of Plaintiff's injuries.

50. The failure of the subject pressure cooker to be fit for the particular purpose of functioning properly as a quick, efficient, and safe means of cooking is a breach of the warranty of fitness for a particular purpose, which was the direct and proximate cause of Plaintiff's injuries.

**WHEREFORE,** Plaintiff demands judgment against Defendant for damages, as well as punitive damages according to proof, together with interest, costs of suit, and all such other relief as the Court deems proper. Plaintiff reserves the right to amend the complaint to seek punitive damages when evidence or facts supporting such allegations are discovered.

## DEMAND FOR JURY TRIAL

Plaintiff demands that all issues of fact of this case be tried to a properly impaneled jury to the extent permitted under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against the Defendant for damages, as well as all costs of this action, to the full extent of the law, whether arising under the common law and/or statutory law, including:

a. judgment for Plaintiff and against Defendant;

b. damages to compensate Plaintiff for her injuries, economic losses and pain and suffering sustained as a result of the use of the Defendant's pressure cookers;

c. pre and post judgment interest at the lawful rate;

d. a trial by jury on all issues of the case; and

e. for any other relief as this Court may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

|                          | Respectfully submitted,                                  |
|--------------------------|----------------------------------------------------------|
|                          | **JOHNSON BECKER, PLLC**                                 |
| Date: February 17, 2026  | */s/ Michael K. Johnson, Esq.*                           |
|                          | Adam J. Kress, Esq. (MN ID #0397289)                     |
|                          | Anna R. Rick, Esq. (MN ID #0401065)                      |
|                          | *Pro Hac Vice to be filed*                               |
|                          | 444 Cedar Street, Suite 1800                             |
|                          | St. Paul, MN 55101                                       |
|                          | (612) 436-1800                                           |
|                          | akress@johnsonbecker.com                                 |
|                          | arick@johnsonbecker.com                                  |
|                          |                                                          |
|                          | ***Attorneys for Plaintiff***                            |